UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MICHAEL WOOSLEY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>EDWARD BORLA,<br><br>　　　　　Respondent. | No. 2:25-cv-0946 DJC CSK P<br><br>ORDER & FINDINGS &<br>RECOMMENDATIONS |

**I. INTRODUCTION**

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the following reasons, this Court finds that it is plain from the petition that petitioner's claims are premature because petitioner has an ongoing criminal appeal in state court. Accordingly, the petition should be dismissed.

## II. BACKGROUND

Petitioner challenges his 2023 conviction from the Sacramento County Superior Court for violating sections 11378 and 11351 of the California Health and Safety Code and sections 29800(a)(1) and 30305(a)(1) of the California Penal Code.  (ECF No. 1 at 1.)  Petitioner is serving a sentence of 15 years and 4 months.  (Id.)  The petition raises claims alleging ineffective assistance of counsel (id. at 5-10), violation of the Fourth Amendment (id. at 13-18) and violation of the Fourteenth Amendment (id. at 13-18, 19).  Petitioner claims that he raised these three claims in habeas corpus petitions filed in the Sacramento County Superior Court.  (Id. at 11, 19, 20.)  After the Sacramento County Superior Court denied petitioner's habeas corpus petitions, petitioner raised the three claims raised in the instant petition in a petition for review filed in the California Supreme Court, which was denied on September 11, 2024.  (Id. at 12, 19, 21.)  However, petitioner also claims that his direct appeal is still pending in the California Court of Appeal, case no. C099036.  (Id. at 2, 23.)  Petitioner's direct appeal raises claims alleging violation of the Fourth and Fourteenth Amendments.  (Id.)  This Court reviewed the docket of the California Court of Appeal for case no. C099036.[1]  The docket reflects that petitioner's appeal was fully briefed on March 7, 2025, and is pending.

## III. DISCUSSION

When there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.  See Younger v. Harris, 401 U.S. 37, 41 (1971); see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris ... reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally

---

[1] This Court takes judicial notice of the docket in case no. C099036 in the California Court of Appeal.  See Fed. R. Evid. 201; Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

1  settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). The
2  Sherwood court explained that "even if the federal constitutional question raised by the habeas
3  corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the
4  reversal of the petitioner's conviction on some other ground, thereby mooting the federal
5  question." Id. (citations omitted); see also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir.
6  2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal
7  habeas petition while a petitioner's direct state appeal is pending."). "However, even if Younger
8  abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith,
9  harassment, or some other extraordinary circumstance that would make abstention
10 inappropriate.'" Arevalo v. Hennessy, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting Middlesex
11 Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

  In the instant case, as discussed above, petitioner's direct appeal of his criminal conviction is pending in the California Court of Appeal. As petitioner has failed to demonstrate an unusual circumstance making abstention inappropriate, "[this Court] decline[s] to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1988). Accordingly, the instant federal habeas corpus petition is premature and should be dismissed.

**IV. REMAINING MATTERS**

  In support of the instant petition, petitioner filed a motion for appointment of counsel and a motion for an evidentiary hearing. (ECF Nos. 7, 8.) Because this Court recommends that this action be dismissed as premature, petitioner's motion for appointment of counsel and for an evidentiary hearing are denied.

**V. CONCLUSION**

  Accordingly, IT IS HEREBY ORDERED that:

  1. Petitioner's motion to proceed in forma pauperis (ECF No. 13) is granted;

  2. Petitioner's motion for appointment of counsel (ECF No. 7) is denied;

  3. Petitioner's motion for an evidentiary hearing (ECF No. 8) is denied; and

  IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Wool946.dis/2